IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY JOE ALTSTATT, as brother and Guardian of JOHNNY ALTSTATT, an incapacitated person,<br><br>        Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY; *et al.*,<br><br>        Defendants. | Case No. CIV-22-811-D |

### ORDER REGARDING MOTION TO DISMISS
### OF DEFENDANTS WILLIAMS AND WAGNER

Before the Court is the Motion to Dismiss of Defendants Greg Williams and Kevin Wagner [Doc. No. 60] under Fed. R. Civ. P. 12(b)(1) and (b)(6). The movants are individuals who were employees of the Oklahoma County Criminal Justice Authority ("OCCJA") in 2021 when the underlying events of this case occurred. This Motion raises identical issues to a separate motion filed on behalf of the trustees of OCCJA [Doc. No. 59]: Plaintiff has failed to state a claim against them under 42 U.S.C. § 1983; his state-law claims are barred by the Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, §§ 151-72; and the individual defendants have qualified immunity from suit under § 1983. Plaintiff has filed a timely Response [Doc. No. 68], and the time for filing a reply brief has expired. Thus, the Motion is ripe for decision.[1]

---

[1] Plaintiff's attempt to incorporate arguments from other briefs is ineffectual and is disregarded. *See* Pl.'s Resp. Br. at 1 n.1.

By separate orders, the Court has addressed the same or similar issues raised by motions filed by OCCJA and the individual trustees. The Court finds no need to recite the same background, standards of decision, and factual allegations stated in its prior orders, or to restate its rulings. The Court instead adopts the Order Regarding Trustees' Motion to Dismiss [Doc. No. 94] and addresses only the facts and arguments that differ.

Briefly stated, Plaintiff Billy Joe Altstatt brings this action on behalf of his ward, Johnny Altstatt ("Johnny"), for alleged violations of Johnny's federal and state constitutional rights. Plaintiff asserts claims under § 1983 and *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013), for personal injuries that Johnny suffered on March 15, 2021, during his confinement as a pretrial detainee in the Oklahoma County Detention Center ("OCDC"). Accepting the allegations of the Amended Complaint [Doc. No. 35], Defendant Wagner "was the lead supervisor on duty on March 15, 2021," and "the ranking officer in charge" at OCDC on that date. *See* Am. Compl. ¶¶ 21, 31. Defendant Williams was the administrator of OCDC and "responsible for the day-to-day management of the facility." *Id*. ¶ 22. Plaintiff is suing Defendants Williams and Wagner in their individual capacities for their personal involvement in causing the alleged violations of Johnny's constitutional rights caused by deficiencies in the operation of OCDC, namely, underfunding, understaffing, and inadequate supervision of inmates.

For the reasons fully stated in the Order Regarding Trustees' Motion to Dismiss, the Court finds that Plaintiff's state-law claims against Defendants Williams and Wagner must be dismissed without prejudice because they are immune from liability under the GCTA. *See* Order re. Trustees' Motion to Dismiss [Doc. No. 94] at 8.

For reasons previously stated, the Court further finds that the Amended Complaint fails to state a plausible § 1983 claim against Defendant Williams. Aside from conclusory allegations regarding a collective group of individual defendants (Am. Compl. ¶¶ 90, 99), Plaintiff's only mention of Defendant Williams is to state his position and the fact that he hired Ryan Correctional Services in February 2021 to "provide insight into how to improve conditions" at OCDC. *Id*. ¶ 114.[2] Like the trustees, Plaintiff seeks to hold Defendant Williams individually liable under § 1983 using a theory of supervisory liability. *See* Pl.'s Resp. Br. at 9-10. For similar reasons, the Amended Complaint is insufficient to state a plausible claim against Defendant Williams. *See* Order re. Trustees' Mot. Dismiss at 9-11. Plaintiff alleges insufficient facts to show that Defendant Williams had policymaking authority over the alleged areas of deficiency or that he was deliberately indifferent to an obvious risk of serious injury from inmate-on-inmate violence.

Similarly, the Court finds that the Amended Complaint fails to state a plausible § 1983 claim against Defendant Wagner. Plaintiff states that Defendant Wagner was aware of a staff shortage at OCDC on March 15, 2021, and had previously complained to his superiors about staffing shortages. *See* Am. Compl. ¶ 32. Also, Defendant Wagner was aware of the dangers of understaffing and was aware that Johnny's cellmate "had a history of violence and sexual assault against other inmates." *Id* ¶ 43. But Plaintiff's theory of supervisory liability of Defendant Wagner fails because the Amended Complaint does not state any facts from which to reasonably infer that Defendant Wagner had policymaking

---

[2] Plaintiff does not state when Defendant Williams became OCDC's administrator.

authority to affect the alleged unconstitutional conditions of which Plaintiff complains. The opposite is true; Plaintiff alleges facts showing that Defendant Wagner advocated for improved staffing but his complaints were ineffective. Plaintiff also does not allege that Defendant Wagner was deliberately indifferent to a risk of harm from inmate violence. Therefore, the Court finds that Plaintiff has failed to provide sufficient factual allegations to state a plausible § 1983 claim against Defendant Wagner in his individual capacity.

Finally, Plaintiff makes an identical response to the qualified immunity defense raised by the instant Motion that he made in response to the trustees' motion. For the same reasons, the Court finds that Plaintiff has failed to overcome this defense. *See* Order re. Trustees' Mot. Dismiss at 11-12. Therefore, Defendants Williams and Wagner are entitled to qualified immunity on Plaintiff's § 1983 claims against them in their individual capacities.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Greg Williams and Kevin Wagner [Doc. No. 60] is **GRANTED**. Plaintiff's action against these defendants is **DISMISSED** without prejudice.[3]

---

[3] To the extent a deficiency in Plaintiff's pleading could be cured by further amendment, a scheduling order entered under Fed. R. Civ. P. 16(b) will set a deadline for motions to amend.

**IT IS SO ORDERED** this 26th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

5