IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BILLY JOE ALTSTATT, as brother and )
Guardian of JOHNNY ALTSTATT, an )
incapacitated person, )
)
    Plaintiff, )
)
v. ) Case No. CIV-22-811-D
)
BOARD OF COUNTY )
COMMISSIONERS FOR )
OKLAHOMA COUNTY, et al., )
)
    Defendants. )

## ORDER

Before the Court are Defendant Board of County Commissioners of Oklahoma County's Motion to Strike Expert Witness Phil Williams and Brief in Support [Doc. No. 126] and Defendant, Oklahoma County Criminal Justice Authority's Motion to Strike Plaintiff's Expert [Doc. No. 127]. Plaintiff filed Plaintiff's Response to Defendants' Motions to Strike Expert Witness Phil Williams [Doc. No. 131]. The matter is fully briefed and at issue.

### PROCEDURAL BACKGROUND

Billy Joe Altstatt, as brother and legal Guardian of Johnny Altstatt, an incapacitated person, filed suit against Defendants pursuant to 42 U.S.C. § 1983 alleging violations of Johnny's federal and state constitutional rights [Doc. No. 1]. Plaintiff asserts claims for personal injuries Johnny suffered on March 15, 2021, during his pretrial detention in the Oklahoma County Detention Center (OCDC, or jail).

The Court entered a scheduling order in this case on February 16, 2024 [Doc. No. 101]. Plaintiff's original deadline to file his final list of expert witnesses and serve expert reports was November 4, 2024. *Id.* On November 11, 2024, Plaintiff filed an unopposed motion for extension of time [Doc. No. 102], which the Court granted [Doc. No. 103]. The Court's Order extended Plaintiff's deadline to file his final list of expert witnesses and serve expert reports to February 6, 2025. *Id.* Plaintiff failed to file his list of expert witnesses and serve expert reports by that date.

On January 9, 2025, Plaintiff's lead counsel, Sandra Howell-Elliott, filed, through her co-counsel, a motion to withdraw as attorney [Doc. No. 104], which the Court granted [Doc. No. 105]. On February 27, 2025, Plaintiff filed his Motion for a Sixty (60) Day Extension of Time or, in the Alternative, for a Sixty (60) Day Administrative Closing Order [Doc. No. 108]. In the motion, Plaintiff's counsel represented that former lead counsel, Ms. Howell-Elliott, had to withdraw as counsel due to a serious medical condition and remaining counsel had not been able to review the case file in full due to the timing of this event and recent winter storms. *Id.* Further, Plaintiff's counsel stated that he obtained the entire case file and was able to confer directly with Ms. Howell-Elliott on February 26, 2025. *Id.* The Court granted the motion, extending Plaintiff's date to file his final list of expert witnesses and serve expert reports to April 7, 2025 [Doc. No. 110].

Plaintiff filed his final expert list on April 7, 2025 [Doc. No. 111], which was stricken by the Court because Plaintiff failed to separate those expert witnesses expected to be called from those which may be called [Doc. No. 112]. The Court ordered Plaintiff to refile his expert witness list on or before April 15, 2025 [Doc. No. 112]. On April 10, 2025,

Plaintiff filed his amended expert witness list in compliance with the Court's Order [Doc. No. 113]. Defendants Board of County Commissioners for Oklahoma County and Oklahoma County Criminal Justice Authority then filed the instant motions to strike [Doc. Nos. 126, 127].

## LEGAL STANDARD

FED. R. CIV. P. 26 provides "A party must make . . . disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Rule 37(c)(1) bars the use of a witness or information that was not disclosed as required by Rule 26(a), unless the offending party can carry the burden of establishing that the failure to comply with the Rule is either substantially justified or harmless. *Kern River Gas Transmission Co. v. 6.17 Acres*, 156 F. App'x 96, 101 (10th Cir. 2005).[1]

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). The following factors are relevant: (1) prejudice or surprise to the party against whom the report is offered; (2) ability of the party to cure the prejudice; (3) extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworkers Supply, Inc.*, 132 F.3d at 993.

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

**DISCUSSION**

Defendants Board of County Commissioners for Oklahoma County and Oklahoma County Criminal Justice Authority each move to strike Plaintiff's expert witness, Lieutenant Phil Williams, on the grounds that Plaintiff failed to timely serve Lt. Williams' expert report as required by Federal Rule of Civil Procedure 26(a). In support of its motion, Defendant Board of County Commissioners for Oklahoma County provides a timeline of events similar to the one set forth by the Court above. Further, Defendant asserts that it sent two emails to Plaintiff's counsel—the first on April 8th and the second on April 10th—asking counsel for the missing expert witness report [Doc. No. 126, at 3]. Defendant Board contends that Plaintiff's counsel did not respond to either email nor did they provide an expert report for Lt. Williams.

Defendant Oklahoma County Criminal Justice Authority moves to strike Lt. Williams as an expert witness for the same reasons set forth in Defendant Board of County Commissioners for Oklahoma County's motion. It further argues that it was "deprived of the means to determine if the expert should be deposed or even could be given the lack of information." [Doc. No. 127].

Plaintiff essentially agrees with Defendants' narrative of the timeline of events relating to his delay in filing his expert witness list and serving Lt. Williams' expert witness report. Further, Plaintiff concedes that his "report is overdue and counsel have made mistakes since [Ms.] Howell-Elliott fell ill and had to withdraw from the representation of Plaintiff" [Doc. No. 131, at 1]. Plaintiff represents that Defendants have now been provided

4

with Lt. Williams' report and Plaintiff is "agreeable to providing Lt. Williams for deposition at a mutually agreeable date and time." *Id.*

Although Plaintiff failed to timely serve Defendants with Lt. Williams' expert report despite the Court granting him several extensions of time, the Court, in balancing the factors outlined in *Woodworkers Supply, Inc.*, declines to impose the "drastic sanction" of striking Plaintiff's expert witness. Plaintiff asserts that he was not attempting to withhold Lt. Williams' report from Defendants for several months. Rather, Plaintiff's counsel was trying to get up to date after their lead counsel had to withdraw from this case for medical reasons, and counsel was not in receipt of Lt. Williams' report when the deadline expired.[2]

**IT IS THEREFORE ORDERED** that Defendant Board of County Commissioners of Oklahoma County's Motion to Strike Expert Witness Phil Williams and Brief in Support [Doc. No. 126] and Defendant, Oklahoma County Criminal Justice Authority's Motion to Strike Plaintiff's Expert [Doc. No. 127] are **DENIED**.

**IT IS SO ORDERED** this 28th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Plaintiff's counsel are admonished to ensure that, going forward, they fully comply with the requirements of the Federal Rules of Civil Procedure, the Court's Local Rules, and the deadlines set by the Court.